UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JON EARL QUICK,

        Petitioner,

v.

JOHN KING, Warden,

        Respondent.

Civil No. 09-1660 (JRT/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Petitioner's habeas corpus petition be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.    BACKGROUND**

In 2001, Petitioner was convicted of first degree murder in the state district court for Norman County, Minnesota. He was sentenced to life in prison, and he is presently serving his sentence at the Minnesota Correctional Facility in Stillwater, Minnesota.

Petitioner's conviction and sentence were affirmed by the Minnesota Supreme Court on direct appeal. State v. Quick, 659 N.W.2d 701, 707 (Minn. 2003).

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

While Petitioner's direct appeal was still pending, he filed his first federal habeas corpus petition challenging his conviction and sentence. Quick v. State of Minnesota, Civil No. 01-2304 (JRT/ESS), ["Quick I"]. That petition was summarily dismissed, without prejudice, because Petitioner had not yet exhausted all of his available state court remedies.

After Petitioner's conviction and sentence were upheld on direct appeal, he filed a post-conviction motion in the state trial court. That motion was denied, and Petitioner then filed another appeal. The Minnesota Supreme Court upheld the trial court's denial of the post-conviction motion. Quick v. State, 692 N.W.2d 438 (Minn. 2005).

In 2005, Petitioner filed another habeas corpus petition in this District. Quick v. Dingle, Civil No. 05-859 (JRT/JJG) [hereafter "Quick II"]. After carefully considering the ten grounds for relief presented in Petitioner's second habeas corpus petition, the undersigned Magistrate Judge recommended that the petition should be dismissed with prejudice. Petitioner objected to that recommendation, but the presiding District Court Judge overruled Petitioner's objections, dismissed the petition with prejudice, and ruled that Petitioner would not be granted a Certificate of Appealability. (See Quick II, Order dated March 22, 2006; [Docket No. 16].)

In 2007, Petitioner filed a second post-conviction motion in the trial court. That motion was summarily denied, and Petitioner filed another appeal. Petitioner's third appeal to the Minnesota Supreme Court was rejected on November 13, 2008. Quick v. State, 757 N.W.2d 278 (Minn. 2008).

On June 30, 2009, Petitioner filed his current (third) federal habeas corpus petition. He is once again challenging his 2001 murder conviction and sentence. Petitioner claims

2

that (1) the trial court wrongly excluded important defense evidence, (2) he was deprived of his constitutional right to effective assistance of counsel during the original trial court proceedings, (3) his conviction should be set aside based on "new evidence," and (4) he should be re-sentenced.

Petitioner's current habeas corpus claims cannot be addressed on the merits, however, because his present petition challenges the same conviction and sentence that were before the Court in Quick II. As discussed more fully below, the Court finds that Petitioner has filed a "successive petition," which cannot be entertained at this time.

## II.     DISCUSSION

The federal rule restricting second or successive habeas corpus petitions is set forth at 28 U.S.C. § 2244(b).[2] Under that rule, a district court cannot entertain a second or

---

[2] 28 U.S.C. § 2244(b) provides as follows:

"**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
  **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;  or
  **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence;  and
  **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. **[continued...]**

**(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
**(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

3

successive application for habeas corpus relief filed by a state prisoner, unless the prisoner has first obtained authorization from the appropriate court of appeals allowing him to file another petition. 28 U.S.C. § 2244(b)(3)(A). See Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999) (prisoner must receive pre-authorization from the Court of Appeals in order for a district court to consider a second or successive application for habeas corpus relief).

It plainly appears that the petition now before this Court is Petitioner's third application for federal habeas corpus review of his conviction and sentence in Norman County in 2001. Because one of those prior cases, namely Quick II, was dismissed with prejudice, the Court finds that the present action must be viewed as a "second or successive petition" for purposes of § 2244(b). This means that the present action cannot be entertained without pre-authorization from the Eighth Circuit Court of Appeals. Because Petitioner has not shown that he has obtained such pre-authorization, his current petition must be summarily dismissed for lack of jurisdiction. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Chadwick v. Graves, 110 F.Supp.2d 1110, 1114, (N.D. Iowa 2000); Wainright v. Norris, 958 F.Supp. 426, 431-32 (E.D. Ark. 1996).

The Court will recommend that this action be dismissed without prejudice, so that Petitioner can resubmit his habeas claims in a new action, if he is able to secure a pre-

---

**(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
**(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

**(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

authorization order from the Court of Appeals as required by § 2244(b)(3)(A).³ Petitioner should carefully note, however, that this District Court will not entertain any future habeas petition pertaining to his 2001 Norman County conviction and sentence, unless the petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals, as required by § 2244(b).⁴

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Docket No. 1), be DENIED; and

2. This action be summarily dismissed without prejudice for lack of jurisdiction.

Dated: July 1, 2009
                                        s/ *Jeanne J. Graham*
                                        JEANNE J. GRAHAM
                                        United States Magistrate Judge

---

³ There is some case law suggesting that an action barred by § 2244(b)(3)(A) should be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631, rather than simply dismissed. See e.g., Liriano v. United States, 95 F.3d 119, 122-23 (2nd Cir. 1996); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997). However, it would not be advisable to follow that approach here. The Court of Appeals will not authorize the filing of another habeas petition in the District Court unless Petitioner can meet the standard prescribed at § 2244(b)(2). Because Petitioner has made no attempt to meet that standard in his present submissions, the Court of Appeals could not -- on the basis of the existing record -- grant the pre-authorization that Petitioner needs. 28 U.S.C. § 2244(b)(3)(C). It therefore makes more sense to dismiss the present action and require Petitioner to file a separate motion for pre-authorization directly with the Court of Appeals, as contemplated at § 2244(b)(3). That will allow Petitioner to fully explain to the Court of Appeals why he believes he meets the requirements of § 2244(b)(2), and why he should therefore be allowed to file another habeas corpus petition in this District.

⁴ Because the Court presently lacks jurisdiction in this matter, based on the rules governing successive petitions, the timeliness of the instant petition will not be addressed here. It should be noted, however, that even if Petitioner were to obtain Circuit Court permission to file another habeas petition, he would still have to overcome the one-year statute of limitations, (see 28 U.S.C. § 2244(d)), before that new petition could be reviewed on the merits in the District Court.

**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **July 16, 2009**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.