# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

JOHN EARL QUICK,                        Civil No. 09-1660 (JRT/JJG)

              Petitioner,

v.                                    **ORDER ADOPTING REPORT AND RECOMMENDATION**

JOHN KING, Warden,

              Respondent.

      Kyle D. White, 332 Minnesota Street, Suite W-1710, St. Paul, MN 55101, for petitioner.

      Matthew Frank, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101, for respondent.

On June 30, 2009, petitioner John Quick filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. In a Report and Recommendation dated July 1, 2009, United States Magistrate Judge Jeanne J. Graham recommended that Quick's petition be dismissed without prejudice. Quick now objects to that recommendation. After reviewing Quick's objections *de novo*, *see* 28 U.S.C. § 636(b)(1); Local Rule 72.2(b), the Court overrules those objections and adopts the Report and Recommendation for the reasons given below.

## BACKGROUND

In October 2001, a Minnesota jury found Quick guilty of first-degree murder, and he was subsequently sentenced to life in prison. *See generally State v. Quick*, 659 N.W.2d 701 (Minn. 2003). Since that sentencing, Quick has unsuccessfully challenged his conviction and sentence on numerous occasions in both state and federal court.

Quick first challenged his conviction and sentence on direct appeal. Both were affirmed in a thorough opinion by the Minnesota Supreme Court. *Id*. Next, while that direct appeal was still pending, Quick filed a petition for habeas corpus under 28 U.S.C. § 2254 in federal district court. That petition was summarily dismissed without prejudice because Quick had not yet exhausted his available state court remedies. *See Quick v. Minnesota*, No. 01-2304 (D. Minn. Jan. 23, 2002). Later, Quick filed a motion for post-conviction relief in the state trial court where he was convicted, asserting that he possessed various pieces of newly discovered evidence. *See Quick v. State*, 692 N.W.2d 438, 438-39 (Minn. 2005). Quick's motion was denied, and that denial was ultimately affirmed by the Minnesota Supreme Court. *Id*. at 439. In 2005, Quick filed a second petition for habeas corpus under § 2254 in federal district court. Following a 32-page Report and Recommendation, and a 10-page Order overruling objections to that Report and Recommendation, Quick's petition was denied. *See Quick v. Dingle*, No. 05-859 (D. Minn. Mar. 22, 2006). Finally, in 2007, Quick filed a second motion for post-conviction relief in the state trial court where he was convicted. *See Quick v. State*, 757 N.W.2d 278, 279-80 (Minn. 2008). This motion was denied, and that denial was ultimately affirmed by the Minnesota Supreme Court. *Id*. at 282.

On June 30, 2009, Quick filed this petition for habeas corpus under § 2254, again challenging his 2001 conviction and sentence. Quick alleges that (1) the Minnesota state courts applied the wrong standard in excluding three defense witnesses; (2) he was deprived of effective assistance of counsel at trial; (3) he has discovered new evidence that an investigator involved in his case stole drugs from the Minnesota Bureau of Criminal Apprehension ("BCA") in order to support a drug habit; and (4) he should be resentenced under a Minnesota state statute applicable to offenders suffering from mental illness.

The Magistrate Judge concluded that Quick's petition constituted a "second or successive" habeas corpus petition under § 2254. *See* 28 U.S.C. § 2244(b). Accordingly, the Magistrate Judge concluded that Quick's petition cannot be addressed on the merits without authorization from the court of appeals, and recommended that the petition be dismissed without prejudice. Quick now objects to that recommendation.

## ANALYSIS

### I. TRANSFER TO THE COURT OF APPEALS

Quick does not dispute that certification from the court of appeals is necessary in order for this Court to consider his petition. He merely argues that instead of dismissing his petition without prejudice, this Court should transfer it directly to the court of appeals. This possibility, however, was carefully addressed and sensibly rejected by the Magistrate Judge. As the Magistrate Judge acknowledged, it is the Second Circuit's general practice for misfiled, successive habeas petitions to be transferred to the court of

appeals pursuant to 28 U.S.C. § 1631. *See Liriano v. United States*, 95 F.3d 119, 120-23 (2d Cir. 1996). Following such a transfer, the Second Circuit can then promptly determine whether the petition meets the specific legal requirements for bringing a successive petition. *See* 28 U.S.C. § 2244(b)(3). In this district, however, courts have declined to adopt this approach in cases where the petition does not include briefing or evidence seeking to satisfy those legal requirements.[1] *See El-Shabazz v. Symmes*, No. 08-5753, 2008 WL 5146553, at *3 n.5 (D. Minn. Dec. 8, 2008); *Carter v. King*, No. 08-2202, 2008 WL 2959933, at *3 n.5 (D. Minn. July 29, 2008). In those cases, transferring the existing briefing and record would generally not supply the court of appeals with a basis for evaluating whether the petition should proceed, and it is more appropriate for the petitioner to simply file a new motion for authorization directly with the court of appeals. In addition to simplifying the task of the court of appeals, this approach gives the petitioner an opportunity to fully explain any arguments for why his petition should be allowed to go forward.

The Court agrees with the Magistrate Judge that this approach is appropriate here. Although Quick briefly argues that evidence concerning the activities of the BCA agent qualifies as newly discovered evidence under Minnesota law – a subject that is related to one of the acceptable grounds for bringing a successive habeas petition – this argument

---

[1] That standard permits the filing of second or successive habeas petitions raising new issues where (1) "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence"; or (3) "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(A)-(B).

relates to only one of his four claims. In order to pursue the rest of those claims, which constitute the great majority of his petition, Quick would need to make additional arguments demonstrating that those claims are permissible under § 2244(b). Accordingly, the Court agrees with the Magistrate Judge that transferring this case would not provide the court of appeals with an adequate basis for evaluating whether Quick's successive petition should proceed, and that dismissal without prejudice is the appropriate resolution. If Quick wishes to continue to pursue this matter, he should file a motion with the court of appeals fully addressing the legal requirements for successive habeas petitions set forth in 28 U.S.C. § 2244(b)(3).

## II. CERTIFICATE OF APPEALABILITY

A state prisoner who is challenging the legality of his custody is not permitted to take an appeal in a federal habeas corpus proceeding without first securing a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). Federal district courts may not grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the issues must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). For purposes of appeal under 28 U.S.C. § 2253, the Court concludes that it is unlikely that reasonable jurists would find the question of whether to dismiss Quick's petition

debatable, or that some other court would decide this petition differently.  The Court therefore declines to grant a Certificate of Appealability.

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 4] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 3].  **IT IS HEREBY ORDERED** that:

1. Petitioner's application for a writ of habeas corpus [Docket No. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. For the purposes of appeal, the Court does not grant a certificate of appealability under 28 U.S.C. § 2253(c)(2).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  September 28, 2009             ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                 JOHN R. TUNHEIM
                                                       United States District Judge